TINGLE *v.* PULLIUM.

A justice having rendered a judgment for the plaintiff, was directed by him not to issue an execution until the time for taking an appeal had expired. *Held*, that in such case, the justice was not bound to issue an execution until the plaintiff requested it. ·

Wednesday,
December 13.

ERROR to the *Marion* Circuit Court.

SULLIVAN, J.—*Pullium* sued *Tingle*, who was a justice of the peace, to recover damages of him for neglecting to issue an execution on a judgment, which he (*Pullium*) had obtained before said *Tingle* against one *Duffield*. It appears from the record, that on the 13th of *August*, 1833, a judgment was rendered by *Tingle*, a justice of the peace of *Bartholomew* county, against *Duffield* in favour of *Pullium* for the sum of 42 dollars; that soon after the rendition of said judgment, the attorney of *Pullium* being informed by *Duffield* that he intended to appeal from the judgment, directed the justice of the peace (*Tingle*) not to issue execution until the time for taking such appeal had expired; that *Tingle*, agreeably to his instructions, did not issue execution at that time, and from forgetfulness or some other cause, did not issue immediately on the expiration of the time for taking an appeal; and that within two or three days after the time for taking an appeal had elapsed, *Duffield* left the county and has not since returned. It further appears that *Duffield*, at all times after the rendition of the judgment, was without property, except a very inconsiderable amount, which was sold on an execution issued on the judgment. The record does not show what amount was made on said execution, nor does it inform us whether the writ has been returned or not.

. On this statement of facts, the Circuit Court gave judgment for the plaintiff below.

We think this judgment must be reversed. The 45th section of the act regulating the jurisdiction and duties of justices of the peace, provides that on all judgments rendered by justices of the peace, " the justice, unless otherwise directed by the judgment-creditor, shall issue one execution." A direction by the judgment-creditor or by his agent, not to issue until after a certain event shall have happened, or period of time

elapsed, is a direction not to issue until further orders are given. The happening of the event, the expiration of the period of time on which the execution may issue, &c., are matters with which it would be unreasonable to require the justice of the peace' to burthen his mind. He cannot be required officially to take notice of them. If the judgment-creditor interferes with the prescribed duties of the officer, or interrupts the regular course of the law, he becomes the manager of his own cause, and cannot make others responsible for losses brought upon himself by his own imprudence. In this case, we are bound to presume that the justice of the peace would have issued an execution in due time, and performed all his duty, if he had not been otherwise directed.

It will not be necessary to enter upon the question, whether the insolvency of *Duffield*, the original judgment-creditor, ought not to have prevailed in the Court below, so as to have reduced the damages to a mere nominal amount? For the reasons above given, the judgment must be reversed at the costs of the defendant in error.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Fletcher* and *O. Butler*, for the plaintiff.
*J. Morrison*, for the defendant.